UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roderick Casey,

            Plaintiff,      Case No. 25-10596

v.                                Judith E. Levy
                                United States District Judge
Walmart, Inc.,
                                Mag. Judge Anthony P. Patti

            Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [8], DENYING DEFENDANT'S MOTION TO STRIKE [13], AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME [15]**

      Before the Court is Plaintiff's motion for leave to file an amended complaint (ECF No. 8), Defendant's motion to strike Plaintiff's reply to his motion for leave to file an amended complaint (ECF No. 13), and Plaintiff's motion for extension of time to file a reply. (ECF No. 15.) For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint is granted, Defendant's motion to strike is denied, and Plaintiff's motion for extension of time is granted.

Plaintiff alleges that on October 1, 2024, he and his girlfriend went to the Van Buren, Michigan Walmart location to repair a flat tire and purchase other items. (ECF No. 1, PageID.3.) He claims that the Walmart Auto Care Center employees mistreated him and his girlfriend. Specifically, he was instructed that he needed new tires (Plaintiff contends that the tire was repairable) and an employee called his girlfriend "dumb" and used a racial slur against Plaintiff. (*Id.* at PageID.4–5.) Plaintiff brings suit under the Elliot-Larson Civil Rights Act ("ELCRA"), the Michigan Motor Vehicle Service and Repair Act, and other Michigan tort claims (Assault, Intentional Infliction of Emotional Distress). (*Id.* at PageID.7–11; *see also* ECF No. 14 (stipulated order dismissing two counts).)

Plaintiff filed a motion for leave to file an amended complaint on June 30, 2025. (ECF No. 8.) Plaintiff's proposed amended complaint adds an additional claim under 42 U.S.C. § 1981. (ECF No. 8-1, PageID.68.)

## I. Legal Standard

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Plaintiff's motion for leave to file an amended complaint (ECF No. 8)

Defendant argues that the addition of Plaintiff's § 1981 claim is futile because it "lacks factual and legal support." (ECF No. 11, PageID.90.)

42 U.S.C. § 1981 "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 753 (6th Cir. 2023) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006)).

Defendant contends that Plaintiff's § 1981 claim "is based on an alleged failure by Walmart to enforce, honor, or provide the benefits of a road hazard warranty Plaintiff alleges he purchased," and that Plaintiff did not purchase this warranty. (ECF No. 11, PageID.89–91.) As evidence of Plaintiff's failure to purchase the warranty, Defendant presents

4

Exhibit A, which it purports is a receipt of a tire purchase dated June 6, 2023. (*Id.*; *see also* ECF No. 11-1.)[1]

However, the proposed amended complaint explains that Plaintiff's § 1981 claim is also based on Defendant's alleged attempt "to deprive [Plaintiff] of fair and honest repair service" when Plaintiff sought to repair his tire, regardless of whether he had a warranty. (ECF No. 8-1, PageID.69.) Plaintiff alleges that a Walmart employee insulted his girlfriend and used a racial epithet against him, and that the Walmart employees insisted that his tires had to be replaced when they could have been repaired. (*See id.* at PageID.60–62.) Defendant does not address this portion of the claim.

---

[1] The Court declines to consider Defendant's Exhibit A. As set forth previously, motions for leave to file an amended complaint are evaluated under the Rule 12(b)(6) standard, *Parchman*, 896 F.3d at 738, which asks if the complaint contains sufficient factual matter to state a claim to relief. *Ashcroft*, 556 U.S. at 678.

External documents may be considered in a motion to dismiss when they are "referred to in the pleadings and [are] integral to the claims." *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). Here, Defendant presents a receipt dated June 6, 2023, but does not explain why the Court should consider the receipt as "referred to in the pleadings" and "integral to the claims." Further, Defendant's exhibit is low-quality and difficult to read, and, from the Court's limited perspective, does not foreclose the possibility of an existing warranty. Regardless, the Court need not consider the exhibit because it is not necessary to resolve Plaintiff's motion for leave to file an amended complaint.

5

At this stage of the case, Plaintiff must "alleg[e] sufficient facts to show that (1) the plaintiff belonged to a protected class; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in § 1981(a)." *Inner City Contracting, LLC*, 87 F.4th at 755. Here, Plaintiff alleges that he is a member of a protected class and that he was discriminated on the basis of race. (*See* ECF No. 8-1.) Additionally, Plaintiff claims that he was unable to enter into a contract or receive fair terms for tire services with Defendant and was treated in a hostile, discriminatory manner.

As such, Defendant has not demonstrated that Plaintiff's § 1981 claim is futile at this time.

### III. Defendant's motion to strike (ECF No. 13) and Plaintiff's motion for extension of time (ECF No. 15)

Further, the Court will deny Defendant's motion to strike (ECF No. 13) and grant Plaintiff's motion for extension of time to file a reply. (ECF No. 15.) Plaintiff's reply (ECF No. 12) will remain in the record.

Federal Rule of Civil Procedure 6(b)(1)(B) explains that the Court may, for good cause, extend the time for filing a motion when the time has expired "if the party failed to act because of excusable neglect." The

6

Court must balance five factors in excusable-neglect determinations: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 582 (6th Cir. 2010) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). The decision is within "the sound discretion of the district court." *Id.*

Here, Plaintiff filed his reply brief on August 4, 2025. (ECF No. 12.) It is undisputed that his reply brief was untimely based on Local Rule 7.1(e)(1)(B). (*See* ECF No. 15, PageID.117.) The Court finds that the factors weigh in favor of permitting Plaintiff's late reply brief. Although the length of the delay was two-weeks long and the delay was within Plaintiff's control, the Court finds that the late reply brief does not prejudice Defendant and did not have an impact on the judicial proceedings. Defendant does not present any argument regarding prejudice. (*See* ECF No. 13.) Additionally, there is no evidence that Plaintiff or Plaintiff's counsel failed to act in good faith. To the extent

7

Defendant argues that Plaintiff's reply brief was filed in bad faith because it is an "attempt . . . to amend his Motion," (ECF No. 13, PageID.111–112), the Court disagrees for the reasons set forth in the section granting Plaintiff's motion for leave to file an amended complaint.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. (ECF No. 8.) Defendant's motion to strike (ECF No. 13) is DENIED, and Plaintiff's motion for an extension (ECF No. 15) is GRANTED.

IT IS SO ORDERED.

Dated: September 8, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2025.

  s/William Barkholz
  WILLIAM BARKHOLZ
  Case Manager

8